United States Bankruptcy Court
Middle District of Florida

In re:  
Franklin Steven Bishop  
    Debtor

Case No. 16-07247-KSJ  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 113A-6      User: gsusan      Page 1 of 1      Date Rcvd: Feb 14, 2017  
                     Form ID: B18      Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 16, 2017.
```
db           Franklin Steven Bishop,    1710 W. Acres Court,    Saint Cloud, FL 34769-4944
26586053    +Chase Mtg,    P.o. Box 24696,    Columbus, OH 43224-0696
26586055    +Mb Financial Bank,    6111 N River Rd,    Rosemont, IL 60018-5111
26586056    +Midland Funding,    2365 Northside Dr Ste 30,    San Diego, CA 92108-2709
26586058    +Portfolio Recovery Ass,    287 Independence,    Virginia Beach, VA 23462-2962
26586060   ++SNAP ON CREDIT LLC,    950 TECHNOLOGY WAY,    SUITE 301,    LIBERTYVILLE IL 60048-5339
             (address filed with court:  Snap-on Credit Llc,    Po Box 506,    Gurnee, IL 60031)
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr          +EDI: QMEHENKEL.COM Feb 14 2017 22:48:00      Marie E. Henkel,    3560 South Magnolia Avenue,
             Orlando, FL 32806-6214
26586051    +E-mail/Text: ACF-EBN@acf-inc.com Feb 14 2017 22:49:40      Atlantic Crd,    P O Box 13386,
             Roanoke, VA 24033-3386
26586052    +EDI: CHASE.COM Feb 14 2017 22:48:00      Chase Card,    P.o. Box 15298,
             Wilmington, DE 19850-5298
26586054    +EDI: DISCOVER.COM Feb 14 2017 22:48:00      Discover Fin Svcs Llc,    Pob 15316,
             Wilmington, DE 19850-5316
26586049     EDI: FLDEPREV.COM Feb 14 2017 22:48:00      Florida Department of Revenue,    Bankruptcy Unit,
             Post Office Box 6668,    Tallahassee FL 32314-6668
26586050     EDI: IRS.COM Feb 14 2017 22:48:00      Internal Revenue Service,    Post Office Box 7346,
             Philadelphia PA 19101-7346
26586057    +E-mail/Text: bankruptcies@orangelake.com Feb 14 2017 22:49:49      Orange Lake/wilson Res,
             8505 W Irlo Bronson Hwy,    Kissimmee, FL 34747-8217
26586048     E-mail/Text: taxbankruptcy@osceola.org Feb 14 2017 22:50:58      Osceola County Tax Collector,
             Attn: Patsy Heffner,    Post Office Box 422105,    Kissimmee FL 34742-2105
26586059    +EDI: DRIV.COM Feb 14 2017 22:48:00      Santander Consumer Usa,    Po Box 961245,
             Ft Worth, TX 76161-0244
26586061    +EDI: STF1.COM Feb 14 2017 22:48:00      Suntrust Bk Central Fl,    Po Box 4986,
             Orlando, FL 32802-4986
                                                                                              TOTAL: 10

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              MB Financial Bank
26586062     ##+Zwicker & Associates,    10550 Deerwood Park Blvd.,    Building 300 Suite 300,
             Jacksonville, FL 32256-2805
                                                                                   TOTALS: 1, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 16, 2017                                   Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 14, 2017 at the address(es) listed below:
```
          Joseph M McCandlish    on behalf of Creditor   MB Financial Bank jmccandlish@weltman.com,
           colnationalecf@weltman.com
          Marie E. Henkel    mehenkel@yahoo.com, mhenkel@ecf.epiqsystems.com
          Randy E Hillman    on behalf of Debtor Franklin Steven Bishop hillmanlaw@outlook.com
          United States Trustee - ORL7/13    USTP.Region21.OR.ECF@usdoj.gov
                                                                                              TOTAL: 4
```

Form B18 (Official Form 18)(12/07)

# United States Bankruptcy Court

Middle District of Florida

Case No. 6:16–bk–07247–KSJ

**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   Franklin Steven Bishop
   1710 W. Acres Court
   Saint Cloud, FL 34769–4944

Social Security No.:
   xxx–xx–3420

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

Dated: February 14, 2017

_____
Karen S. Jennemann
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18 continued (12/07)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**